UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
:
UNITED STATES OF AMERICA,                  :
:
*Plaintiff,*                         :
:
v.                                             :     No 1:19-cv-7026
:
MOHAMMED MIZANUR RAHMAN,           :
:
*Defendant.*                         :
---------------------------------------------------------------x

## COMPLAINT

The United States of America, with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General, brings this civil action pursuant to 31 U.S.C. § 3711(g)(4)(C) to obtain a money judgment against Mohammed Mizanur Rahman ("Rahman") related to civil penalty assessments made against him for his failure to timely report his interest in foreign bank accounts. The United States complains and alleges that:

### Jurisdiction and Parties

1. Jurisdiction over this action is conferred upon the district court by 28 U.S.C. §§ 1331, 1345, and 1355(a).

2. The defendant became a naturalized citizen of the United States in the year 2000.

3. The last known address of the defendant is in Brooklyn, New York, within the jurisdiction of this Court.

### Foreign Financial Account Reporting Requirements

4. United States citizens and residents must disclose to the United States annually if they have an interest in or authority over a financial account with a balance exceeding $10,000 in a foreign country. 31 U.S.C. § 5314; 31 C.F.R. § 1010.350(a).

1

5. To fulfill this reporting requirement, a person must file a Form TDF 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For the years at issue in this case, 2011 and 2012, each FBAR was due no later than June 30 of the following calendar year. 31 C.F.R. § 1010.306(c).

6. A person who fails to timely file an FBAR is subject to a civil penalty, commonly known as an "FBAR Penalty", in an amount not to exceed $10,000 per violation, for a nonwillful violation, for each year. 31 U.S.C. § 5321(a)(5)(B)(i).

7. The nonwillful FBAR penalty is subject to interest and late-payment penalties. 31 U.S.C. § 3717.

**Defendant's Interest in Foreign Financial Accounts**

8. During 2011 and 2012, the defendant had a financial interest in, and/or signature authority over, two foreign financial accounts (the "Foreign Accounts") maintained in Bangladesh:

| 2011 | | |
|---|---|---|
| **Bank Name** | **Account Number (Last three digits)** | **High Balance (USD)** |
| Sonali Bank Ltd. | 861 | $254,291 |
| Islami Bank Bangladesh Ltd. | 21/2 | $259,623 |

| 2012 | | |
|---|---|---|
| **Bank Name** | **Account Number (Last three digits)** | **High Balance (USD)** |
| Sonali Bank Ltd. | 861 | $257,548 |
| Islami Bank Bangladesh Ltd. | 21/2 | $262,421 |

9. The account at Islami Bank Bangladesh Ltd. ("Islami Bank") was maintained in the name of both the defendant and his wife, while the account at Sonali Bank Ltd. ("Sonali Bank") was maintained solely in the name of the defendant.

10. On June 14, 2008, the defendant acquired real property located at 288 Webster Avenue, Brooklyn, New York 11240 (the "Property"), on his father's death. On July 25, 2008, the defendant's wife was added to the deed for the property.

11. The Property was sold in 2011 and the defendant transferred the proceeds to the Foreign Accounts.

12. The defendant represented to the Internal Revenue Service (the "IRS") that the funds in the Foreign Accounts were used to pay the living expenses for his family in Bangladesh.

13. The defendant filed U.S. income tax returns for tax years (Form 1040) 2011 and 2012.

14. The defendant did not file FBARs for the Foreign Accounts for 2011 and 2012.

15. The defendant retained a professional to prepare his 2011 income tax return, but did not disclose the Foreign Accounts to the preparer.

16. For tax year 2012, the defendant attached a Schedule B to his tax return. The Schedule B must be included with the Form 1040 if a taxpayer has received reportable interest income and/or ordinary dividends.

17. The Schedule B for the years 2011 and 2012 included a question asking whether at any time during the year "did you have an interest in or signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account." The Schedule B also stated that a taxpayer should "see page B-2 for

exceptions and filing requirements for Form TD F 90-22.1" (the form commonly known as the FBAR).

19. 18. The defendant did not disclose on his Schedule B for 2012 that he had signature authority over a foreign bank account.

19. For the 2011 year, the highest aggregate balance of the Foreign Accounts was $513,914.

20. For the 2012 year, the highest aggregate balance of the Foreign Accounts was $519,969.

### Claim For Penalty Asserted Under 31 U.S.C. § 5321

21. The United States repeats the allegations contained in paragraphs 1 through 20 of this complaint as if set forth in full herein.

22. The defendant during each of the 2011 and 2012 calendar years, had an interest in a foreign bank, securities, or other financial account in which the aggregate balance, at some time during each respective year, exceeded $10,000.

23. The defendant was required to report all his interests in any foreign bank, securities, or other financial accounts for the 2011 and 2012 calendar years to the United States by submitting, by June 30, 2012 (for the 2011 year) and June 30, 2013 (for the 2012 year), the FBAR, *i.e.*, the form known as the TD F 90.22-1, Report of Foreign Bank and Financial Accounts.

24. The defendant did not submit the FBAR for the 2011 year by June 30, 2012, and did not submit the FBAR for the 2012 year by June 30, 2013.

25. On or about June 8, 2018, a delegate of the Secretary of the Treasury timely made assessments, pursuant to 31 U.S.C. § 5321, against the defendant in the total amount of

$40,000.00 for his failure to submit FBARs for the years ending December 31, 2011 and December 31, 2012.

  26. In addition to the principal amount of the assessments described in paragraph 30, above, the defendant is liable for a late-payment penalty pursuant to 31 U.S.C. § 3717(e)(2) and 31 C.F.R. § 5.5(a), and interest accruing pursuant to law.

  27. With interest and other statutory accruals, the amount due with respect to the assessments described in paragraph 25, above, as of May 25, 2019, is $42,692.61.

  WHEREFORE, the United States seeks judgment against the defendant, Mohammed Mizanur Rahman, in the total amount of $42,692.61, plus interest or other statutory additions accruing after May 25, 2019.

               Respectfully submitted,

               UNITED STATES OF AMERICA

               RICHARD E. ZUCKERMAN
               Principal Deputy Assistant Attorney General

         By: */s/ Ali Gadelhak*
            ALI GADELHAK
            Trial Attorney, Tax Division
            U.S. Department of Justice
            P.O. Box 55
            Washington, D.C. 20044
            202-307-0854 (v)
            Ali.Gadelhak@usdoj.gov

Of Counsel:

RICHARD P. DONOGHUE
United States Attorney